# EXHIBIT A



**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

PODESTAMATTOON, INC.
Vs.
FALEX CORPORATION

C.A. No.    2006 CA 006277 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge NEW CIVIL JUDGE TBA
Date: August 15, 2006
Initial Conference: 9:30 am, Friday, November 17, 2006
Location: Courtroom 519
500 Indiana Avenue N.W.
WASHINGTON, DC  20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001   Telephone: 879-1133

PodestaMattoon, Inc.

*Plaintiff*

vs.

Falex Corporation, et al.

*Defendant*

Civil Action No. 0006277-06

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Andres Colon
Name of Plaintiff's Attorney

Dickstein Shapiro LLP
Address

1825 Eye St. NW Washington, DC 20006

202-420-3605
Telephone

By _____
   Deputy Clerk

Date August 15, 2006

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
CIVIL DIVISION

| | |
|---|---|
| PodestaMattoon, Inc.<br>1001 G Street, NW<br>Suite 900 East<br>Washington, DC 20001<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>Falex Corporation<br>1020 Airpark Drive<br>Sugar Grove, Illinois 60554,<br><br>Center for Tribology and Coatings d/b/a<br>Institute for Tribology & Coatings<br>1020 Airpark Drive<br>Sugar Grove, Illinois 60554<br><br>　　　　　　　　Defendants. | C.A. No. 0006277-06<br><br>RECEIVED<br>CIVIL CLERK'S OFFICE<br>AUG 1 5 2006<br>SUPERIOR COURT<br>OF THE DISTRICT OF COLUMBIA<br>WASHINGTON, DC |

**COMPLAINT**
(For Breach of Contract)

COMES NOW Plaintiff, PodestaMattoon, by and through its attorneys and for its Complaint alleges as follows:

**THE PARTIES**

1. Plaintiff PodestaMattoon, Inc. ("PodestaMattoon") is a District of Columbia corporation with its principal place of business located at 1001 G Street, NW, Suite 900 East, Washington, DC 20001.

2. Defendant Falex Corporation ("Falex") is an Illinois corporation with its principal place of business at 1020 Airpark Drive, Sugar Grove, Illinois, telephone number (630) 556-3669.

3. Defendant Center for Tribology and Coatings ("CTC") is a non-for-profit Illinois corporation that is exempt from taxation under § 501(C)(3) of the Internal

Review Code. CTC currently conducts business as the Institute for Tribology & Coatings ("ITC"), and its principal place of business is 1020 Airpark Drive, Sugar Grove, Illinois, telephone number (630) 556-3669. Upon information and belief, CTC is affiliated and/or has a commercial relationship with Falex.

## JURISDICTION

4. Falex is a resident of the State of Illinois, and has transacted business in the District of Columbia pursuant to its contract with PodestaMattoon for services. The events giving rise to this complaint occurred principally in the District of Columbia.

5. CTC d/b/a ITC is a resident of the State of Illinois, and has transacted business in the District of Columbia pursuant to its contract with PodestaMattoon for services. The events giving rise to this complaint occurred principally in the District of Columbia.

6. The Court has jurisdiction over this lawsuit pursuant to D.C. Code § 11-921(a).

## FACTUAL ALLEGATIONS

7. PodestaMattoon is a government relations and public affairs firm located in the District of Columbia. PodestaMattoon provides a variety of services to clients including strategic advice and guidance and legislative support. Such services involve meeting with Members of Congress and their staff, administration officials and others in or working with the Federal Government. PodestaMattoon regularly conducts its services in the District of Columbia.

8. In 2003, Falex approached PodestaMattoon to attain certain legislative goals for CTC.

9. After discussions concerning Falex's objectives for CTC, Falex retained PodestaMattoon.

10. The substance of the agreement between Falex and PodestaMattoon was memorialized in a letter dated January 5, 2004 ("2004 Agreement").

11. Under the 2004 Agreement, PodestaMattoon agreed to provide strategic and legislative representation on defense, transportation and energy-related issues. In return, Falex agreed to pay PodestaMattoon a $150,000 performance fee if PodestaMattoon reached certain strategic and legislative goals.

12. Under the 2004 Agreement, Falex agreed to pay PodestaMattoon's invoices for out-of-pocket expenses within 30 days of receipt. Falex also agreed to pay a one and one-half percent interest charge for all outstanding invoices over 60 days.

13. The 2004 Agreement concludes by stating: "If this agreement is satisfactory to you, please sign below and return a copy to [PodestaMattoon]." The 2004 Agreement was executed on behalf of Falex on January 7, 2004.

14. During the remainder of 2004 PodestaMattoon performed its obligations under the 2004 Agreement. Much of the work Podesta Mattoon conducted for Falex was done in Washington, DC. Falex regularly communicated with PodestaMattoon concerning the status of the work.

15. As a result of PodestaMattoon's performance of its obligations under 2004 Agreement, Falex became obligated to pay PodestaMattoon a $150,000 performance fee. Of that amount, PodestaMattoon has received only a partial payment of $50,000. Falex has not paid the remaining balance of $100,000 owed to PodestaMattoon under the 2004 Agreement.

2125009.02

16. In addition, and in accordance with the 2004 Agreement, PodestaMattoon billed Falex monthly for out-of-pocket expenses PodestaMattoon incurred in the performance of its obligations. Of the monthly bills sent, Falex has not paid $27,276.84 PodestaMattoon incurred in out-of-pocket expenses.

17. The invoices PodestaMattoon has billed Falex under the 2004 Agreement have accrued interest charges because they either were (i) paid more than 60 days past due, or (ii) continue to be outstanding and unpaid.

18. In 2004, Falex asked that PodestaMattoon enter into a direct relationship with CTC.

19. On November 30, 2004, PodestaMattoon sent a letter to CTC confirming the work that PodestaMattoon would perform on behalf of CTC ("2005 Agreement").

20. Under the 2005 Agreement, PodestaMattoon agreed to provide strategic and legislative representation on defense, transportation and energy-related issues. In return, Falex agreed to pay PodestaMattoon a $200,000 performance fee if PodestaMattoon reached certain strategic and legislative goals.

21. Under the 2005 Agreement, Falex agreed to pay PodestaMattoon's invoices for out-of-pocket expenses within 30 days of receipt. Falex also agreed to pay a one and one half percent interest charge for all outstanding invoices over 60 days.

22. The 2005 Agreement concludes by stating: "If this agreement is satisfactory to you, please sign below and return a copy to [PodestaMattoon]." The 2005 Agreement was executed on behalf of CTC on April 4, 2005.

23. During the remainder of 2005 PodestaMattoon performed its obligations under the 2005 Agreement. Much of this work was conducted in Washington, DC. CTC regularly communicated with PodestaMattoon concerning the status of the work.

24. As a result of PodestaMattoon's performance of its obligations under 2005 Agreement, CTC became obligated to pay PodestaMattoon $200,000 in a performance fee, which PodestaMattoon later discounted to $175,000. CTC has not paid the $175,000 performance fee owed to PodestaMattoon under the 2005 Agreement.

25. In addition, and in accordance with the 2005 Agreement, PodestaMattoon billed CTC monthly for out-of-pocket expenses PodestaMattoon incurred in the performance of its obligations under the 2005 Agreement. Of the monthly bills sent, CTC has not made payments on $5,183.99 incurred by PodestaMattoon in out-of-pocket expenses.

26. The invoices PodestaMattoon has billed CTC under the 2005 Agreement have accrued interest charges because they either were (i) paid more than 60 days past due, or (ii) continue to be outstanding and unpaid.

27. PodestaMattoon has contacted both Falex and CTC d/b/a ITC repeatedly attempting to recover the amounts owed to it. Falex and CTC d/b/a ITC have acknowledged the debt and agreed to honor their obligations under the 2004 and 2005 Agreements, but have not paid the amounts owed.

<u>COUNT I</u>
(For Breach of Contract –Falex)

28. The allegations contained in Paragraphs 1-27 are incorporated herein by reference.

29. Pursuant to the 2004 Agreement, Falex was required to pay PodestaMattoon the remaining balance of $100,000 of the $150,000 performance fee, $27,276.84 in out-of-pocket expenses PodestaMattoon incurred in the performance of the 2005 Agreement, plus interest accrued for amounts Falex paid more than 60 days past due or that continue to be outstanding and unpaid. PodestaMattoon rendered its

services and billed Falex as agreed. As described above, Falex has failed to pay the amounts it owes PodestaMattoon.

## COUNT II
(For Breach of Contract – CTC d/b/a ITC)

30. The allegations contained in Paragraphs 1-29 are incorporated herein by reference.

31. Pursuant to the 2005 Agreement, CTC d/b/a ITC was required to pay PodestaMattoon a $175,000 performance fee, $5,183.99 in out-of-pocket expenses PodestaMattoon incurred in the performance of the 2005 Agreement, plus interest accrued for amounts CTC paid more than 60 days past due or that continue to be outstanding and unpaid. PodestaMattoon rendered its services and billed CTC as agreed. As described above, CTC has failed to pay the amounts it owes PodestaMattoon.

## COUNT III
(For Breach of Contract – Joint and Several Liability)

32. The allegations contained in Paragraphs 1-31 are incorporated herein by reference.

33. Falex and CTC are jointly and severally obligated to pay the amounts owed to PodestaModesta under the 2004 and 2005 Agreements, including $275,000 in performance fees, $32,460.83 in out-of-pocket expenses, plus interest accrued for amounts Falex and CTC paid more than 60 days past due or that continue to be outstanding and unpaid. PodestaMattoon rendered its served and billed Falex and CTC as agreed. As described above, Falex and CTC have failed to pay the amounts they owe PodestaMattoon.

34. As a result, PodestaMattoon has been damaged in an amount exceeding $307,460.83, which represents the unpaid principal as of July 31, 2006, plus interest charges that continue to accrue under the 2004 and 2005 Agreements.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests as follows:

- A. Judgment in favor of the Plaintiff for monetary damages proven at trial, together with interest thereon at the legal rate;

- B. Its own attorneys fees and costs incurred in bringing and maintaining this action, pursuant to applicable law; and

- C. For such other and further relief as the Court may deem just and proper.

Dated: August 15, 2006

Respectfully submitted,

By: _____
Peter J. Kadzik, Esq.
D.C. Bar No. 964007

Andrés Colón, Esq.
D.C. Bar No. 469631

Dickstein Shapiro, LLP
1825 Eye Street, NW
Washington, DC 20006-5403
(202) 420-9700
Attorneys for PodestaMattoon, Inc.

## JURY DEMAND

Pursuant to Rule 38(b) of the Superior Court Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

_____
Andrés Colón, Esq.
D.C. Bar No. 469631

8

2125009.02